IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTAIN COWAN FELDER § | |
| (BOP Register No. 49414-177), § | |
| § | |
| Movant, § | |
| § | |
| V. § | No. 3:17-cv-1107-B-BN |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Christian Cowan Felder, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [Felder] is not entitled to relief." *Id.*

**Applicable Background**

In 2016, Felder pleaded guilty, pursuant to a plea agreement, to conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1349, 1341, & 1343, and aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 1028A

& 2, and she was sentenced to 51 months of imprisonment for conspiracy and received a consecutive sentence of 24 months of imprisonment for the identity-theft conviction.

There was no direct appeal. In fact, Felder's plea agreement contained a waiver of her right to appeal or otherwise challenge her sentences. *See United States v. Felder*, No. 3:15-cr-93-B (01) (N.D. Tex.), Dkt. No. 54 (noting that Felder "reserves the rights: (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.").

Through her timely-filed Section 2255 motion, Felder asserts claims based on the length of her sentences, *see, e.g.,* Dkt. No. 2 at 1 ("Here the defendant challenge[s] the upward departure and variance the Court calculated to amount to the Guidelines range used to her sentence[s]."), and challenges sentencing enhancements imposed under the Guidelines, *see id.* at 1-2. She also incorrectly asserts that she received sentences above the applicable Guidelines range. *See id.* at 2 ("Lastly the defendant argue[s] that she was severely prejudiced by the Courts because the sentence was disbursed to her was 45 months over the Sentencing Guidelines."); *compare id.*, *with* No. 3:15-cr-93-B, Dkt. Nos. 71-1, 77, & 78 (presentence report, judgment, and statement of reasons, reflecting that Felder's Guidelines range was 41 to 51 months of imprisonment as to the conspiracy conviction and that the identity-theft conviction carried a statutorily-mandated consecutive sentence of 24 months of imprisonment);

*see also* 18 U.S.C. § 1028A; U.S.S.G. § 2B1.6(a) ("If the defendant was convicted of violating 18 U.S.C. § 1028A, the guideline sentence is the term of imprisonment required by statute.").

## Legal Standards and Analysis

The United States Court of Appeals for the Fifth Circuit

> has noted repeatedly that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). "Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing 'both "cause" for his procedural default and "actual prejudice" resulting from the error.'" *Id.* at 741-42 (quoting *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992)).

*United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

"A district court's calculation under or application of the sentencing guidelines standing alone" – the sole claims presented in the Section 2255 motion – are "not the type of error cognizable under section 2255." *Id.*; *accord Gray v. United States*, No. 3:13-cv-3542-L, 2014 WL 1724444 (N.D. Tex. Apr. 30, 2014); *cf. Bledsoe v. United States*, Nos. 13-CV-0045-WDS & 07-CR-40021-WDS, 2013 WL 5912238, at *3 (S.D. Ill. Nov. 4, 2013) (assertions "that the Court took his status as a career offender into consideration when it imposed the below-maximum 18-month sentence ... do not represent the kind of prejudice that justifies relief under § 2255" because "'not every error is corrigible in a postconviction proceeding, even if the error is not harmless'"

(quoting *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013) (even an erroneous "above-guidelines sentence" cannot "be corrected in a postconviction proceeding" when "the sentence is below the statutory maximum" (collecting cases)))).

For this reason, it "plainly appears" that Felder "is not entitled to relief" on her Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

## Recommendation

The Court should summarily dismiss this Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 3, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE